UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHANIE PARKS,

        Plaintiff,

- against -

OFFICE OF TEMPORARY AND DISABILITY
ASSISTANCE,

        Defendant.

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/09

09 Civ. 3079 (JGK)

OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, Stephanie Parks, brought this race discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297, against her former employer, defendant New York State Office of Temporary and Disability Assistance ("OTDA"). The OTDA moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the Complaint was not filed within Title VII's 90-day statute of limitations period.

I

    In defending a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In

considering such a motion, the Court generally must accept the material factual allegations in the complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006). Indeed, where jurisdictional facts are disputed, the court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56. Kamen, 791 F.2d at 1011; Melnitzky v. HSBC Bank USA, No. 06 Civ. 13526, 2007 WL 1159639, at *5 (S.D.N.Y. Apr. 18, 2007).

II

The pleadings, affidavits, and other records indicate the following facts.

The plaintiff filed a charge and complaint of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") after she was discharged from her job with the OTDA.

(Am. Compl. ¶ 6.) The EEOC dismissed the charge and issued a Notice of Right to Sue letter dated December 22, 2008. (Am. Compl. ¶ 7.) The Complaint and plaintiff's counsel's affidavit indicated that counsel received the letter on December 30, 2008, (Am. Compl. ¶ 7; Gray Aff.) however the plaintiff's papers did not indicate when the plaintiff received the letter. At oral argument, plaintiff's counsel conceded that the plaintiff received the letter either on December 26 or December 27, 2008. The defendant claims that it received a copy of the right-to-sue letter on December 26, 2008. (Boulette Aff. ¶ 3.)

Plaintiff's counsel alleges that she sent the plaintiff's Complaint to this Court on March 17, 2009. (Gray Aff.) She claims that the Complaint "was returned to correct a line on the civil cover sheet," and that she received the returned document on March 23, 2009. (Gray Aff.) Indeed, the Clerk of the Court's "Check Log System" indicates that a Summons and Complaint was received from "Robin J. Gray Esq.," plaintiff's counsel, on March 20, 2009. The Clerk's office's notes indicated that the document was "returned[;] chose 2 basis [sic] of jurisdiction." Plaintiff's counsel claims that she then made the correction and immediately returned the Complaint to the

Court.[1]  The Docket sheet reflects that the Complaint was filed on March 30, 2009.  (Docket No. 1.)

III

"In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter."  Sherlock v. Montefiore Med. Cent., 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)). Plaintiff's counsel proffers that the plaintiff received the letter either on December 26 or December 27, 2008.  "Normally it is assumed that a mailed document is received three days after its mailing."  Id.  "And normally it may be assumed, in the absence of a challenge, that a notice provided by a government agency has been mailed on the date shown on the notice."  Id. at 526.  These presumptions are not irrebuttable, but a claimant must present "sworn testimony or other admissible evidence from which it could be inferred" that the letter was not mailed on the date indicated or that it took more than three days for the letter to reach the claimant.  Id.

In this case, there has been no challenge to the assumption that the EEOC mailed the letter on December 22, 2008.  Three days after December 22 was December 25—Christmas—and no mail

---

[1] Plaintiff's counsel indicated in her papers that she "officially filed" the Complaint on March 28, 2009, a Saturday.  At oral argument, plaintiff's counsel indicated that she meant that she mailed the Complaint to the Court on March 28, 2009.

4

would have been delivered that day. As a result, the letter is assumed to have arrived on December 26, 2008. Because the plaintiff offers no affidavit or other evidence showing that she received the right-to-sue letter after December 26, 2008, the Court assumes that she received it that day.

Ninety days after December 26, 2008, was March 26, 2009. The Court's records indicate the Complaint was filed on March 30, 2009. (Docket No. 1.) Because March 30 was after the statute of limitations period expired, the plaintiff's claim under Title VII would be time-barred if measured by the date the Complaint was filed.

However, plaintiff's counsel claims that she first sent the plaintiff's Complaint to the Court on March 17, 2009. (Gray Aff.) The Clerk's records corroborate that, reflecting that a Summons and Complaint were received and then returned to the plaintiff's counsel on March 20, 2009, before the statute of limitations period expired on March 26, 2009.

The Court of Appeals for the Second Circuit has found that violations of rules regarding the form of filing alone should not cause documents to be considered untimely filed. See Contino v. United States, 535 F.3d 124, 126-27 (2d Cir. 2008) (per curiam). In Contino, the Court of Appeals found that a notice of appeal that was rejected during the time for filing the notice because it was filed electronically instead of on

paper was, in fact, timely filed even though it was not filed on paper until after the statutory period. Id. The Court denied the defendant's motion to dismiss the appeal for lack of subject matter jurisdiction based on the allegedly untimely filing. Id. The Court noted that Federal Rule of Civil Procedure 5(d)(4) provides that the "clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Id. at 127. Furthermore, Rule 83(a)(2) prohibits the enforcement of a local rule "regulating the form of filing if its enforcement would cause a party to lose a right and the party's noncompliance with the rule was not willful." Id.

In another case, the Court of Appeals suggested that, at least for pro se plaintiffs, complaints that are submitted to the court within the statute of limitations period, but are sent back for correction, can be considered filed when first submitted. Ortiz v. Cornetta, 867 F.2d 146, 149 (2d Cir. 1989). Other circuits agree that the rules governing the form of filing should not be enforced to reject documents that otherwise would be considered timely filed. See Klemm v. Astrue, 543 F.3d 1139, 1143 (9th Cir. 2008) ("Local rules govern local practice, but a violation of local rules cannot divest this court of the jurisdiction afforded to it by Congress."); United States v. Harvey, 516 F.3d 553, 556 (7th Cir. 2008); Wisniewski v. Dir.,

Office of Workers' Compensation Programs, U.S. Dep't of Labor, 929 F.2d 952, 956 (3d Cir. 1991); Long v. U.S. Dep't of the Air Force, 751 F.2d 339, 342 (10th Cir. 1984); Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1472 (11th Cir. 1984).

In this case, it appears the only reason the Clerk rejected the Complaint was because two bases for jurisdiction were checked on the Complaint's cover sheet, and the Clerk requires that only one be chosen in order for the case to be properly sorted and docketed. There is no evidence, at this stage, that the Complaint submitted on March 20, 2009, was deficient in any other way. Here, the Clerk's rejection of the Complaint was not based on a local rule, but on a practice of the Clerk of this Court. Enforcing this practice by finding that the Complaint was not timely filed, would deprive the plaintiff of a right, in violation of Rule 83(a)(2). Furthermore, there is no evidence that the plaintiff willfully failed to comply with the Clerk's practice in this case. Therefore, the fact that two bases of jurisdiction were checked on the Complaint's cover sheet does not prevent the Court from considering the Complaint filed when it was first submitted on March 20, 2009. Because the Complaint arrived in the hands of the Clerk before the statute of

limitations period expired on March 26, 2009, the plaintiff's Title VII claim is not time-barred.[2]

CONCLUSION

For the reasons stated above, the defendant's motion to dismiss the Complaint is **denied**. The Clerk is directed to close Docket No. 8.

**SO ORDERED.**

Dated: **New York, New York**
**December 23, 2009**

_/s/ John G. Koeltl_
John G. Koeltl
United States District Judge

---

[2] It is unnecessary to reach the plaintiff's additional argument that the right-to-sue letter was allegedly improper in this case because it was issued by the EEOC instead of by the Attorney General, allegedly in violation of 42 U.S.C. § 2000e-5(f)(1), which requires that the notice be issued by the Attorney General in a case involving a government, government agency, or political subdivision. The defendant relies on 29 C.F.R. § 1601.28(d), which authorizes such notice by the EEOC when there has been a dismissal of a charge. Courts have disagreed whether the regulation is at odds with the statute. Compare Hiller v. Oklahoma ex rel. Used Motor Vehicle & Parts Comm'n, 327 F.3d 1247, 1250-51 (10th Cir. 2003) (finding that Attorney General must issue notice), with Thompson v. Connecticut State Univ., 466 F. Supp. 2d 444, 449-50 (D. Conn. 2006) (finding that EEOC may issue notice), and Spencer v. New York City Transit Auth., No. 95 Civ. 4779, 1999 WL 51814, at *13 (E.D.N.Y. Jan. 14, 1999) (same).